## JURY INSTRUCTION
## NUMBER 1
### (Statement for Jury)

Ladies and Gentlemen:

Renetrice Pierre, the plaintiff in this case, obtained a Target Visa card from Target National Bank in 2007. She bought things on the card, and in 2008, she was unable to pay the debt she incurred on the card and she defaulted. Target National Bank sold the debt to Midland Funding, LLC in 2010. Midland Funding is a company that buys defaulted debt.

The defendant in this case is Midland Credit Management, Inc., a sister company to Midland Funding. Midland Credit Management attempts to collect on the defaulted debts bought and owned by Midland Funding.

Midland Funding sued Ms. Pierre in 2010 trying to collect the debt but dismissed the lawsuit.

Midland Credit Management continued to attempt to collect the debt from Mr. Pierre over the years, including through the use of a letter to Ms. Pierre on September 2, 2015. At the time Midland Credit Management sent its letter to Ms. Pierre in 2015, it could not sue Ms. Pierre to enforce the debt, because the statute of limitations, the deadline for suing somebody, had expired and because it did not own the debt; Midland Funding did. Midland Credit Management also sent a similar letter to others attempting to collect debts from them.

Those letters said that the recipients were pre-approved for a discount if they paid a certain amount, either a lump sum or an agreement to pay in installments, by the payment due date stated in the letters. The letters also said

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment of this debt will not affect your credit score.

Eventually, Ms. Pierre sued Midland Credit Management under the Fair Debt Collection Practices Act, or FDCPA, which is a federal law designed to prevent abusive, deceptive, and unfair collection practices by debt collectors trying to collect consumer debts. Ms. Pierre claimed that Midland Credit Management violated the FDCPA through its letters by misrepresenting that it will not sue on the debt rather than disclosing that it could not sue on the debt because the statute of limitations expired and it did not own the debt, it did not disclose that making a partial payment on the debt or agreement to make a partial payment could restart the statute of limitations, it did not disclose who owned the debt, it did not disclose that non-payment was an option, it stated that Ms. Pierre had a payment deadline, and it illegally inflated the amount Ms. Pierre allegedly owed.

Appendix C

Midland Credit Management denied all of Ms. Pierre's claims and has maintained that it is not liable to Ms. Pierre or any other recipients of the letters and that none of them are entitled to any money damages from this lawsuit.

I determined that this case could proceed as a class action, which means that Ms. Pierre can pursue not only her claims but the claims of other recipients of the letters. That group of people, called class members or the class, has 68,754 people in it.

I also determined that Midland Credit Management violated the FDCPA and is liable to Ms. Pierre and the class. So, you are not here to determine whether a violation occurred. You are only here to determine what, if anything, Midland Credit Management should pay Ms. Pierre and class members. You are not required to award anything, and you are limited to awarding Ms. Pierre $1,000 and the class members $500,000, which would be divided among them.

## JURY INSTRUCTION
## NUMBER 2
### (Case Preview)

I am now going to give you some instructions about the case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all instructions – both those I give you now and those I give you later, whether they are in writing or given to you orally – are equally important and must be followed.

Ms. Pierre brought this case in two parts. The first, called Count I, is brought on behalf of herself and a group of other people, which I will explain further momentarily. The second, called Count II, is brought only on behalf of herself.

Count I is brought as a class action, which means that the plaintiff, Ms. Pierre, is bringing it on behalf of and as a representative of a group of other people, known as class members or, collectively, the class. I have ruled that Ms. Pierre can pursue this case on behalf of the following class:

> All persons with Illinois addresses to whom Midland Credit Management, Inc. sent, from March 7, 2015 through March 7, 2016, a letter containing the following statement: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment will not affect your credit score."

Because this is a class action, Ms. Pierre is allowed to prove her claims by evidence that applies to the class as a whole, and she does not need to prove each class member's individual claim.

I have also already ruled that defendant Midland Credit Management, Inc. violated the Fair Debt Collection Practices Act and found it liable on both Counts I and II. Therefore, this trial will be limited to your determination of whether to award money damages to Ms. Pierre and the class and, if so, how much. It will be your duty to make that determination from the evidence presented.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law that I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence of what I think your verdict should be.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

## JURY INSTRUCTION
## NUMBER 3
### (Evidence)

I have mentioned the word "evidence." "evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated – that is, formally agreed to by the parties – and any other facts that I tell you to accept as true.

Certain things are not evidence, including:

1.      Statements, arguments, questions, and comments by lawyers are not evidence.

2.      Exhibits that are identified by a party but not offered and received in evidence are not evidence.

3.      Objections are not evidence.  Lawyers have a right – and sometimes an obligation – to object when they believe something is improper.  You should not be influenced by that objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record or tell you to disregard are not evidence and must not be considered.

5.      Anything you seen or hear about this case outside the courtroom is not evidence.

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.  Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

**JURY INSTRUCTION**
**NUMBER 4**
**(Communications with Lawyers)**

During the trial, it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

**JURY INSTRUCTION**
**NUMBER 5**
**(Notes)**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witnesses. The deputy clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in the jury room or elsewhere as directed by me or the courtroom deputy.

When you leave at night, your notes will be secured and not be read by anyone.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

## JURY INSTRUCTION
## NUMBER 6
### (Communications)

To ensure fairness, you as jurors must obey the following rules:

1.     Do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict. Do not talk or communicate with anyone about this case, even when you go home at night. When I say do not say anything, it applies to all ways in which we communicate – phone, email, text, Facebook, Twitter, Instagram, everything. You can say you have been chosen as a juror in this case. You can say what parties are involved. You can say how long it is going to be. But do not say anything else.

2.     When you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you above the case during the trial, please report it to me.

3.     During the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk or visit with you either.

4.     Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television, or internet reports about the case or about anyone involved with it.

5.     Do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the internet for information about some issue or person in this case. In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

6.     Mobile phones are not permitted in the jury room during the deliberation.

7.     Do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

**JURY INSTRUCTION**
**NUMBER 7**
**(Trial Procedure)**

The trial will proceed in the following manner:

First, Ms. Pierre's attorney may make an opening statement. Next, Midland Credit Management, Inc.'s attorney may make an opening statement. An opening statement is not evidence, but it is simply a summary of what the attorney expects the evidence to be.

Second, Ms. Pierre's attorney will then present evidence and Midland Credit Management, Inc.'s attorney may cross-examine. Following Ms. Pierre's case, Midland Credit Management, Inc.'s attorney may present evidence and Ms. Pierre's attorney may cross-examine.

Third, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing statements are not evidence.

Fourth, I will instruct you further on the law. After that, you will retire to deliberate your verdict.

*Padberg v. Dish Network LLC*,
No. 2:11-cv-04035-NKL (W.D. Mo. Aug. 29, 2014 DE 343)

## JURY INSTRUCTION
## NUMBER 8
### (Summary Judgment Ruling)

In Illinois, creditors have a certain amount of time to file a lawsuit in their attempts to collect debts. The time limit is determined by something called a statute of limitations. When that time is expired, a debt collector can still try to collect on the debt, because in Illinois, the debt still exists even though the statute of limitations has expired. This is also known is time-barred debt. If the statute of limitations expires, the creditor can no longer sue to collect the debt and the debtor has no legal responsibility to pay it. However, if, after the statute of limitations expires, the debtor pays part of the debt or makes an agreement to pay part or all of the debt, the time for suing a debtor can start again, or be revived. The statute of limitations starts over.

In this case, Midland Credit Management, Inc. sent letters to Plaintiff and other class members that did not warn them that if they paid on the time-barred debt or made an agreement to pay on the time-barred debt, for example by accepting one of the payment plans in its letters, they would lose their statute of limitations defense and could again be sued on the old debt.

The Court found that Midland Credit Management, Inc. violated the FDCPA because, in its letters to Plaintiff and other class members, its "silence about the significant risk of losing the ironclad protection of the statute of limitations renders the letter misleading and deceptive."

Additionally, the Court found that Midland Credit Management, Inc. is liable to Plaintiff and the class members. Therefore, you cannot find that Midland Credit Management, Inc. did not violate the FDCPA. The only issue you have to decide is whether, and if so how much, to award in money damages to Ms. Pierre and the 68,754 class members.

*Pantoja v. Portfolio Recovery Associates, LLC,*
852 F.3d 679, 685 (7th Cir. 2017);
*Pierre v. Midland Credit Management, Inc.,*
no. 16 C 2895, 2018 WL 723278, at *4, 7 (N.D. Ill. Feb. 5, 2018)

**JURY INSTRUCT**
**NUMBER 9**
**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Seventh Circuit Patter Civil Jury Instruction No. 1.01

**JURY INSTRUCTION**
**NUMBER 10**
**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked the questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Seventh Circuit Patter Civil Jury Instruction No. 1.02

**JURY INSTRUCTION**
**NUMBER 11**
**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Seventh Circuit Patter Civil Jury Instruction No. 1.03

## JURY INSTRUCTION
## NUMBER 12
## (Corporations Act Through Employees)


     Midland Credit Management, Inc. is a corporation and can only act through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the corporation.


*Gregory v. Adler*, no. 12 C 7351 (N.D. Ill.) [DE 97, Apr. 8, 2016]

**JURY INSTRUCTION**
**NUMBER 13**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**EVIDENCE**

All evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, stipulations, and the facts that I advise you are established facts.

A stipulation is an agreement between both sides that certain facts are true.

Seventh Circuit Patter Civil Jury Instruction No. 1.04

**JURY INSTRUCTION**
**NUMBER 14**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition transcript. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Seventh Circuit Patter Civil Jury Instruction No. 1.05

**JURY INSTRUCTION**
**NUMBER 15**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must by entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Seventh Circuit Patter Civil Jury Instruction No. 1.06

**JURY INSTRUCTION**
**NUMBER 16**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Seventh Circuit Patter Civil Jury Instruction No. 1.07

**JURY INSTRUCTION**
**NUMBER 17**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**CONSIDERATION OF ALL EVIDENCE**
**REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Seventh Circuit Patter Civil Jury Instruction No. 1.08

**JURY INSTRUCTION**
**NUMBER 18**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Seventh Circuit Patter Civil Jury Instruction No. 1.11

**JURY INSTRUCTION**
**NUMBER 19**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**DEFINITION OF "DIRECT"**
**AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Seventh Circuit Patter Civil Jury Instruction No. 1.12

**JURY INSTRUCTION**
**NUMBER 20**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**TESTIMONY OF WITNESS**
**(DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also much decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Seventh Circuit Patter Civil Jury Instruction No. 1.13

**JURY INSTRUCTION**
**NUMBER 21**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**PRIOR INCONSISTENT STATEMENTS**

You may consider statements given by Party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law if different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider that earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Seventh Circuit Patter Civil Jury Instruction No. 1.14

**JURY INSTRUCTION**
**NUMBER 22**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Seventh Circuit Patter Civil Jury Instruction No. 1.18

**JURY INSTRUCTION
NUMBER 23
ALL LITIGANTS EQUAL BEFORE THE LAW
SUMMARIES**

*Stipulated*

The parties agree that the spreadsheet marked as Exhibit _____ accurately summarizes the contents of documents, records, or books.  You should consider these summaries just like all of the other evidence in the case.

Seventh Circuit Patter Civil Jury Instruction No. 1.23

**JURY INSTRUCTION**
**NUMBER 24**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Seventh Circuit Patter Civil Jury Instruction No. 1.27

**JURY INSTRUCTION**
**NUMBER 25**
**VERDICT SHEET**


The Court having already determined that Midland Credit Management, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., we the jury award the following damages:


On Count I:

      1.      Statutory damages of $_____ to Renetrice Pierre;

      2.      Statutory damages of $_____ to the class; and

      3.      Actual damages of $_____ to the class.


On Count II:

      1.      Statutory damages of $_____ to Renetrice Pierre.

**JURY INSTRUCTION**
**NUMBER 26**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**SELECTION OF PRESIDING JUROR;**
**GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict forms have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Seventh Circuit Patter Civil Jury Instruction No. 1.32

**JURY INSTRUCTION**
**NUMBER 27**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Seventh Circuit Patter Civil Jury Instruction No. 1.33

**JURY INSTRUCTION**
**NUMBER 28**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Seventh Circuit Patter Civil Jury Instruction No. 1.34

**JURY INSTRUCTION**
**NUMBER 29**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**CAUTIONARY INSTRUCTION BEFORE RECESS**


We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.


I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.


Seventh Circuit Patter Civil Jury Instruction No. 2.01

**JURY INSTRUCTION**
**NUMBER 30**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that [*stipulated fact*].  You must now treat this fact as having been proved for the purpose of this case.

Seventh Circuit Patter Civil Jury Instruction No. 2.05

**JURY INSTRUCTION**
**NUMBER 31**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Seventh Circuit Patter Civil Jury Instruction No. 2.08

**JURY INSTRUCTION**
**NUMBER 32**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**SUMMARIES OF RECORDS AS EVIDENCE**

*Stipulated*

    The parties agree that Exhibit _____ accurately summarize the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

Seventh Circuit Patter Civil Jury Instruction No. 2.12

**JURY INSTRUCTION**
**NUMBER 33**
**ALL LITIGANTS EQUAL BEFORE THE LAW**
**JUDGE'S COMMENTS TO LAWYERS**

     I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Seventh Circuit Patter Civil Jury Instruction No. 2.14

### JURY INSTRUCTION
### NUMBER 34
### (Nature of Action and Legal Definitions)

Ms. Pierre brought this lawsuit against Midland Credit Management, Inc. under a federal law called the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., which I will refer to as the FDCPA.

The FDCPA first became a law in 1978 and has been amended over time. Congress declared that the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." To achieve that purpose, the FDCPA requires that debt collectors do certain things, and it also prohibits debt collectors from engaging in certain conduct, while attempting to collect consumer debts.

A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Midland Credit Management, Inc. is a debt collector.

A "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. The obligation Ms. Pierre is alleged to owe is a debt.

A "consumer" means any natural person obligated or allegedly obligated to pay any debt. Ms. Pierre is a consumer.

15 U.S.C. § 1692; 15 U.S.C. § 1692(a);
*Gregory v. Adler*, no. 12 C 7351 (N.D. Ill.) [DE 97, Apr. 8, 2016]

**JURY INSTRUCTION**
**NUMBER 35**
**(False or Misleading Representations)**
**(Unfair Practices)**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*        \*        \*

(2)     The false representation of—

  (A)     the character, amount, or legal status of any debt; or
  (B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

\*        \*        \*

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692e; 15 U.S.C. § 1692f

**JURY INSTRUCTION
NUMBER 36
(Unsophisticated Consumer)**


When handling FDCPA cases, courts use the legal concept of the unsophisticated consumer to gauge actions of debt collectors. The unsophisticated consumer is "uninformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences. The issue in this sort of case is whether the collection letter "could well confuse a substantial number of recipients."


*Pantoja v. Portfolio Recovery Associates, LLC*,
852 F.3d 679, 685 (7th Cir. 2017);
*Pierre v. Midland Credit Management, Inc.*,
no. 16 C 2895, 2018 WL 723278, at *4, 7 (N.D. Ill. Feb. 5, 2018)

**JURY INSTRUCTION**
**NUMBER 37**
**(Damages)**


A debt collector who fails to comply with any provision of the FDCPA is liable for actual damages and statutory damages. In a class action like this, statutory damages can be up to $1,000 for the named plaintiff (Ms. Pierre) and up to the lesser of $500,000 or 1% of the debt collector's net worth. In this case, the parties stipulate that Midland Credit Management, Inc.'s net worth is at least $50,000,000.

When deciding whether, and if so how much, to award in statutory damages to the class on Count I, whether it is $0 or up to $500,000, the FDCPA requires that you consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

When deciding whether, and if so how much, to award in statutory damages to Ms. Pierre, whether it is $0 or up to $1,000, the FDCPA requires that you consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.


15 U.S.C. § 1692k; Stipulation [DE 145]

**JURY INSTRUCTION**
**NUMBER 38**
**(Illinois Interest Act)**

Pursuant to the Illinois Interest Act,

 Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

815 ILCS 205/2

JURY INSTRUCTION
NUMBER 39
**(Admissions in Pleadings and Discovery, Stipulations)**

Before the trial began, the parties filed written documents with the court describing their claims and defenses. These documents are known as pleadings. Also during this case, the parties have exchanged information in writing and orally. The process of exchanging that information is called discovery. In the pleadings and during discovery, the parties have admitted certain facts, and they have agreed that certain facts are true, as follows:

1.      Midland Credit Management, Inc. collects debt for an affiliated company called Midland Funding, LLC, which buys defaulted debt.

2.      On July 9, 2010, Midland Funding, LLC bought a debt owed by Ms. Pierre to Target National Bank for a Target Visa card.

3.      On July 9, 2010, the balance owed on the Target Visa card was $5,799.94.

4.      On December 6, 2010, Midland Funding, LLC sued Ms. Pierre to collect on the debt, claiming she owed $5,799.94.

5.      On January 26, 2011, Midland Funding, LLC voluntarily dismissed its lawsuit against Ms. Pierre.

6.      On September 2, 2015, Midland Credit Management, Inc. sent a letter to Ms. Pierre attempting to a collect a debt that Ms. Pierre incurred with Target National Bank in 2007.

7.      At the time Midland Credit Management, Inc. sent the September 2, 2015 letter to Ms. Pierre, it could not sue Ms. Pierre to collect the debt, because the statute of limitations on such a case had expired and it did not own the debt.

8.      The September 2, 2015 letter to Ms. Pierre claimed that Ms. Pierre owed $7,578.57.

9.      The difference between the amount claimed in the September 2, 2015 letter and the amount claimed in Midland Funding's lawsuit against Ms. Pierre, $1778.63, was due to Midland Credit Management, Inc. claiming that it could add interest on the debt at a rate of 5% per year.

10.     The last statement issued by Target National Bank on Ms. Pierre's account, with a closing date of October 26, 2008, stated that the Actual Annual Percentage Rate was 0%.

11.     The last statement issued by Target National Bank on Ms. Pierre's account, with a closing date of October 26, 2008, was the only document provided to Midland Credit Management, Inc. or Midland Funding, LLC related to Ms. Pierre's debt.

12.     From March 7, 2015 through March 7, 2016, Midland Credit Management, Inc. sent letters to 68,754 people in Illinois that included the following statement:  "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment will not affect your credit score."

13.     Midland Credit Management, Inc. has used the letters since at least May 2013 and used them until at least November 2016.

14.     Through March 4, 2019, 1,167 class members paid Midland Credit Management, Inc. an aggregate amount of $1,075,598.94 after receiving the letter.

15.     Midland Credit Management, Inc.'s net worth is at least $50,000,000.

## JURY INSTRUCTION
### NUMBER 40
### (Established Facts)

During this case, I have determined that certain facts have been established conclusively, which means that Ms. Pierre does not have to prove them at trial and you must accept them as true, including the following:

1.      Ms. Pierre a consumer as defined by the FDCPA.

2.      Midland Credit Management, Inc. is a debt collector as defined by the FDCPA.

3.      Midland Credit Management, Inc. attempted to collect a debt, as defined by the FDCPA, from Ms. Pierre.

4.      On September 2, 2015, neither Midland Credit Management, Inc. nor any other entity could legally force Ms. Pierre to pay the debt, meaning that Ms. Pierre could not be sued on the debt, because the statute of limitations, which is the deadline to file a lawsuit, had expired.

5.      The September 2, 2015 demand letter that Midland Credit Management, Inc. sent to Ms. Pierre did not warn Ms. Pierre that if she made a partial payment on her debt or made an agreement to pay on the debt, the statute of limitations for Ms. Pierre to be sued on the debt could start again, or be revived.

6.      From March 7, 2015 through March 7, 2016, Midland Credit Management, Inc. sent letters to 68,754 people in Illinois that were similar to the September 2, 2015 letter sent to Ms. Pierre, in that they did not warn recipients that if they made a partial payment on their debt or made an agreement to pay on the debt, the statute of limitations for them to be sued on the debt could start again, or be revived.

7.      The 68,754 recipients of those letters are called class members, known collectively as the class.

8.      This lawsuit is known as a class action, because it was brought by Ms. Pierre on behalf of the class, and the court determined that Ms. Pierre could represent herself and the class in this lawsuit.

9.      The Court found that Midland Credit Management, Inc. violated the FDCPA because, in its letters to Plaintiff and other class members, its "silence about the significant risk of losing the ironclad protection of the statute of limitations renders the letter misleading and deceptive."

10.     The Court found that Midland Credit Management, Inc. is liable to Plaintiff and the class members.

11.    You cannot find that Midland Credit Management, Inc. did not violate the FDCPA.

12.    The only issue you have to decide is whether, and if so how much, to award in money damages to Ms. Pierre and the 68,754 class members.

*Pierre v. Midland Credit Management, Inc.*
no. 16 C 2895, 2017 WL 1427070 (N.D. Ill. Apr. 21, 2017)
*Pierre v. Midland Credit Management, Inc.*
no. 16 C 2895, 2018 WL 723278 (N.D. Ill. Feb. 5, 2018)