### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RENETRICE R. PIERRE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 16 C 2895 |
| v. | ) ) | Judge Leinenweber |
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, | ) ) ) ) | Magistrate Valdez |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO CORRECT JUDGMENT ON COUNT II

Plaintiff Renetrice R. Pierre (Plaintiff"), pursuant to Fed. R. Civ. P. 59(e) and/or 60(b), moves this Court to correct this Court's dismissal of Count II of the Second Amended Complaint. In support of this motion, Plaintiff states as follows:

**The errors in the Orders**

1. This matter was set for jury trial on September 9, 2019.

2. Just prior to trial, the parties agreed that a judgment in the amount of $992.63 would be entered in favor of Plaintiff and against Defendant Midland Credit Management, Inc. ("Defendant"), but this Court's Order, entered during the trial, simply stated, "As stated on the record, Defendant has agreed to settle with Plaintiff Renetrice Pierre on Count II for the amount of $992.63." [De 206]. The next day, this Court entered an Order stating, "As set forth in the record, Count II is dismissed with prejudice pursuant to settlement on 9/9/19." [DE 208].

3. As set forth more fully below, this Court's Order wrongly characterized the resolution of Count II, and the characterization has a significant impact on Plaintiff's ability to recover attorneys' fees and costs related to Count II.

**The parties agreed to a judgment on Count II**

        4.        On September 5, 2019, during a jury instruction conference in Chambers, this Court expressed a desire to resolve Count II of the Second Amended Complaint such that the trial would be conducted only on Count I.

        5.        To that end, on September 6, 2019, Defendant's counsel proposed a stipulated judgment on Count II. [DE 202-1].

        6.        The day before trial, Defendant filed its *Rule 16 Motion for Ruling on Scope of Trial* seeking to preclude Plaintiff from presenting evidence as to Count II, relying in part on its proposed stipulation. [DE 202].

        7.        On September 9, 2019, just prior to trial, this Court heard Defendant's Rule 16 Motion, and the parties discussed with the Court Plaintiff's concern about maintaining standing to represent the class on Count I if she resolved Count II.

        8.        As an outgrowth of Defendant's proposed stipulation to enter judgment on Count II, the pretrial discussion on Count II also centered on entering judgment.

        9.        This Court stated,

> I would have thought you could have figured out by now how to resolve that [Count II] just by an agreement that, after the case is concluded, the court will enter a judgment in favor of the plaintiff, Ms. Pierre, in the amount of $1,000.

*See* Excerpt Transcript of Proceedings ("Transcript"), at 6:20-24, included herewith as **Exhibit 1**.

2

10. After an extended discussion about standing implications,[1] the undersigned stated as follows:

> Judge, this is what I would propose, then, if obviously you're inclined to go this route. I don't think it's the way to go, but if that is where you are going anyway, what I would propose, then, is agreeing to a judgment of $998 on Count 2, and we would be able to ask for $2 for her on Count 1.

*See* Transcript at 10:9-14.

11. At one point, this Court stated, "Let's do it that way. And then the settlement is on the Count 2." *Id*. at 19:19-20.

12. Notwithstanding this Court's use of the word "settlement," and because the entire conversation grew out of a proposal to enter judgment in favor of Plaintiff on Count II, the following exchange took place immediately after this Court's use of the word "settlement":

> Mr. Schultz: Count 2 is out.
> The Court: Count 2 is out.
> Mr. Markoff: *They're agreeing to a judgment*.
> The Court: That's 700 and – 900 and –
> Mr. Markoff: 992.63 on Count 2.
> The Court: And then if the jury gives her zero on Count 1, then you save $7, and your client will be happy –
> Mr. Schultz: There you go.
> The Court: -- er. All right. We'll do it that way.

---

[1] Notwithstanding this Court's frustration, Plaintiff was right to reject a $1,000 judgment or settlement on Count II, because it would have destroyed her standing on Count I, as is evidence from a case against Defendant's client. In *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377 (7th Cir. 2018), the plaintiff sued both a law firm debt collector and Midland Funding, LLC for an FDCPA violation. She settled with Midland Funding for $5,000 plus release of underlying debt, but the settlement agreement did not apportion the settlement funds to any particular claims. *Id*. at 381. Though the trial court allowed a trial against the law firm, resulting in statutory damages, attorneys' fees and costs against the law firm, the Seventh Circuit reversed, holding that the settlement with Midland Funding mooted the case. An intervening action, including settlement, may moot a case at any time, and because the plaintiff accepted a full recovery on one claim, her other claims were mooted. *Id*. at 383-84. Moreover, Plaintiff's pursuit of attorneys' fees, an inquiry made by this Court, *see* Transcript at 8:8-10, would not preserve her standing. *Id*. at 383 (*quoting Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001)).

*Id*. at 19:21-25; 20:1-4 (emphasis supplied).

13. At no point did Plaintiff ever agree to a "traditional" settlement of Count II in the sense that Plaintiff would receive money in exchange for the dismissal of her claim with prejudice.

14. Nonetheless, this Court entered orders seemingly reflecting a "traditional" settlement, deferring to the record.

15. But "[a]s stated on the record," the agreement was for entry of judgment in favor of Plaintiff on Count II.

16. The undersigned saw the Order after trial that evening and raised the issue with this Court before trial on September 10, 2019 and believes this Court said the issue would be corrected (Plaintiff's counsel does not have that transcript), but a second Order characterized the resolution of Count II in the same manner.

17. The end result, as characterized in the Order, is not a judgment on Count II but a settlement agreement, which is merely a contract, as more fully discussed below.

**<u>Authority for correcting the Orders</u>**

18. Fed. R. Civ. P. 59(e) provides authority to alter or amend a judgment "to 'mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (*quoting* Advisory Committee Report).

19. A Rule 59(e) motion is "appropriate in cases where the court has based an order on a factual error." *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).

4

20. Plaintiff is attempting to alter the judgment, specifically seeking to vacate the dismissal of Count II with prejudice "pursuant to settlement" and seeking entry of judgment in her favor and against Defendant on Count II in the amount of $992.63.

21. There exist other authority holding that when "the principal relief sought is to set aside [a] Settlement Order of Dismissal, Rule 60(b) provides the proper procedural avenue for relief." *Logan v. Woods Hole*, no. 06-10938-PBS, 2010 WL 2025126 (D. Mass. Feb. 22, 2010).

22. Indeed, Rule 60(b)(1) provides that the Court may relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect."

23. In this case, this Court erred dismissing Count II "pursuant to settlement" rather than entering judgment in Plaintiff's favor due to mistake or inadvertence because the record, as cited in the Orders, was not available to consult.

24. Therefore, regardless of whether an Order correcting the prior Orders is entered pursuant to Rule 59 or Rule 60, this Court should alter its Orders related to Count II and enter judgment in favor of Plaintiff and against Defendant on Count II in the amount of $992.63.

**Why It Matters**

25. As noted by this Court, it should come as no surprise that Plaintiff will be asking for attorneys' fees (and costs). *See* Transcript, at 8:5-7.

26. This Court's characterization of the resolution of Count II may impact Plaintiff's ability to recover fees and costs related to Count II.

27. The Fair Debt Collection Practices Act provides that a debt collector who fails to comply with the law is liable for, *inter alia*, attorney's fees and costs "in the case of any successful action to enforce the foregoing liability," 15 U.S.C. § 1692k(a)(3), but it does not define "success."

28. It seems likely that a judgment for more than 99% of available damages would be considered a success.

29. But that may be entirely irrelevant, because this Court's characterization of the resolution of Count II may preclude Plaintiff from seeking attorneys' fees and costs related to Count II.

30. "A settlement agreement, whether oral or written, is a contract, and its construction and enforcement are governed by basic contract principles under applicable state law." *Alliance for Water Efficiency v. Fryer*, no. 14 C 115, 2017 WL 201358, at *7 (N.D. Ill. Jan. 18, 2017). A settlement agreement is limited to its specific terms and nothing more. *Alliance for Water Efficiency v. Fryer*, 808 F.3d 1153, 1157 (7th Cir. 2015).

31. Moreover, regardless of whether the underlying claim was premised on a law with a fee-shifting provision, a settlement of that claim is a contract that displaces the claim. *Alliance for Water Efficiency*, 2017 WL 201358, at *10 (party could not recover fees as prevailing party on Copyright Act claim because settlement agreement displaced "vanished Copyright Act claim").

32. Therefore, if a "settlement agreement" displaced Plaintiff's FDCPA claim on Count II, the FDCPA's fee-shifting provision no longer applies.

33. Indeed, it would be manifest injustice to deny Plaintiff the opportunity to seek fees and costs in prosecuting Count II without the opportunity to brief the issue. *See e.g.*, *Musler v. Georgeff*, 212 F.R.D. 287, 288-89 (D. Maryland 2003).

34. This Court's Orders related to Count II mention nothing of attorneys' fees or costs and do not even mention payment terms. [DE 206, 208].

35. Plaintiff certainly did not agree to settle Count II without the ability to recover attorneys' fees and costs, and she certainly would not have agreed to a settlement" of Count II without preserving that ability, hence the undersigned's insistence on confirmation that the resolution of Count II be a judgment against Defendant.

\* \* \*

36. In an effort to correct this error without additional work by Plaintiff's counsel and this Court, Plaintiff inquired whether Defendant had any opposition to correcting the error, but Defendant advised that

> In response to 2, we do not have the transcript but our recollection is that the Court indicated settlement and that there was later discussion (beyond what is shown in your transcript) on this issue.

*See* email included herewith as **Exhibit 2**.

37. But nothing on Count II was discussed between the pretrial hearing (captured in the attached transcript) and the entry of DE 206.

WHEREFORE, Plaintiff requests that this Court vacate this Court's dismissal of Count II of the Second Amended Complaint and enter judgment in her favor and against Defendant on Count II in the amount of $992.63.

RENETRICE R. PIERRE, Plaintiff

By: /s Paul F. Markoff
One of Plaintiff's Attorneys

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)
paul@markleinlaw.com

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this *Plaintiff's Motion to Correct Judgment on Count II* on the following electronically by using the CM/ECF system on this 19th day of September, 2019:

David M. Schultz (dschultz@hinshawlaw.com)
Todd P. Stelter (tstelter@hinshawlaw.com)
Hinshaw & Culbertson LLP
151 N Franklin St Ste 2500
Chicago IL 60606

s/ Paul F. Markoff
Paul F. Markoff
