```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

**RENETRICE R. PIERRE,**
**individually and on behalf**
**of others similarly situated,**

        **Plaintiffs,**        **Case No. 16 C 2895**

        v.                      **Judge Harry D. Leinenweber**

**MIDLAND CREDIT MANAGEMENT,**
**INC.,**

        **Defendant.**

# ORDER

Plaintiffs' Motion for Incentive Award (Dkt. No. 240) is granted in part. The Court awards Renetrice Pierre $4,000.00, to be paid from the class judgment. The status hearing date of February 11, 2020, shall stand, at which point the Court will rule on Plaintiffs' proposed distribution plan.

# STATEMENT

Plaintiff Renetrice Pierre, on behalf of a class of others similarly situated, brought suit against debt collector Defendant Midland Credit Management, Inc. for violating the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e. In its summary judgment opinion, this Court found that Midland Credit's debt collection letter was misleading as a matter of law, in violation of 15 U.S.C. § 1692e. *Pierre v. Midland Credit Mgmt., Inc.*, No. 16

C 2895, 2018 WL 723278, at *7 (N.D. Ill. Feb. 5, 2018). This case proceeded to a jury trial on September 9, 2019. On September 10, 2019, the jury returned a verdict in Plaintiffs' favor, awarding $7.27 to Pierre on her individual claim, and $350,000 to the class. (See J., Dkt. No. 220.) The parties have briefed a proposed class distribution plan, on which the Court has not yet ruled, and have begun briefing Plaintiffs' attorneys' fees petition (which briefing is currently stayed pending appeal of the judgment to the Seventh Circuit). Pierre now moves for an incentive award.

Because a named plaintiff is "an essential ingredient of any class action," an incentive award is appropriate if it is "necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *see also Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 834 (7th Cir. 2018). In deciding whether such an award is warranted, relevant factors include: the actions the plaintiff took to protect the interests of the class; the degree to which the class benefited from those actions; and the amount of time and effort the plaintiff expended in pursuing the litigation. *Id*.

The FDCPA is silent on incentive awards. The FDCPA's civil liability provision, 15 U.S.C. § 1692k, provides that a debt collector found to have violated the statute is liable for: (1) actual damages; (2) additional damages of up to $1,000 in an individual action; (3) additional damages of "the lesser of

- 2 -

$500,000 or 1 per centum of the net worth of the debt collector" in a class action; and (4) costs and reasonable attorneys' fees as determined by the court. See 15 U.S.C. § 1692k(a). Defendant contends that the FDCPA prohibits incentive awards because it expressly limits recovery of a named plaintiff to actual damages, costs of the action, and statutory damages of up to $1,000. Defendant claims that by awarding Pierre an incentive payment, the Court would be exceeding the maximum recovery Congress allowed for a TCPA violation.

Defendant's argument falls flat because the Seventh Circuit has upheld incentive awards for a named plaintiff vindicating rights under a federal statute that caps damages. In *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825 (7th Cir. 2018), the Seventh Circuit affirmed an incentive award for a named plaintiff in a Telephone Consumer Protection Act ("TCPA") class action. The TCPA allows recovery of either actual damages or $500 in statutory damages for each violation; it also provides for treble damages for knowing or willful violations. 47 U.S.C. § 227(b)(3). While the Seventh Circuit held that an incentive award of $1,000 for the TCPA named plaintiff was appropriate given "how little exertion the named plaintiffs expended in pursuing this action," the court did not dispute that the plaintiff was eligible for an incentive award. *Camp Drug Store*, 897 F.3d at 835.

Additionally, in *Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998), the Seventh Circuit approved a $25,000 incentive award for the named plaintiff in an Employee Retirement Income Security Act ("ERISA") class action. *Id*. at 1016. Though ERISA does not cap damages, the statute is silent on incentive awards; the Seventh Circuit upheld that award regardless.

Moreover, district courts have approved incentive awards for named plaintiffs in FDCPA class actions. *See Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043, 2019 WL 2223773, at *7 (M.D. Fla. May 23, 2019) (noting that the court had already approved a $2,500 plaintiff incentive award following jury trial in FDCPA case, to be paid out of the common fund for the class); *see also Rodriguez v. Dynamic Recovery Sols., LLC*, No. 14-CIV-20933, 2015 WL 178161, at *3 (S.D. Fla. Jan. 14, 2015) (granting preliminary approval of FDCPA class settlement and allowing two named plaintiffs to petition for incentive awards).

Simply put, incentive awards are judicial creations, and apart from whistleblower laws, Defendant will be hard-pressed to find a federal statute that expressly authorizes them. Nevertheless, the Seventh Circuit has repeatedly upheld them. Therefore, a named plaintiff in an FDCPA class action can be eligible for an incentive award.

The Court turns to what amount of award is appropriate for Pierre. Pierre asks for $6,186.24, highlighting the actions she

took to protect the interests of the class: provided background facts and documents that were incorporated into the complaints; responded to discovery requests; sat for a deposition; participated in multiple settlement conferences with magistrate judges; met with class counsel to prepare for trial; was present throughout the jury trial; and testified at trial. The Court agrees that, in contrast with the *Camp Drug Store* plaintiff, Pierre substantially participated in this litigation. *See Camp Drug Store*, 897 F.3d at 835. And her efforts resulted in a judgment that will benefit the class. *See Cook*, 142 F.3d at 1016. However, due to the size of the judgment—$350,000, to be split among a class of 68,736 people—the Court will reduce the requested award to protect the amount of funds available to the class. The Court awards Pierre $4,000.00, to be paid from the class fund, as an incentive for serving as a named plaintiff in this case.

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

Dated: 12/11/2019